UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG CAO LE NGUYEN,<br><br>                                  Petitioner,<br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>                                  Respondents. | Case No.: 26-cv-426-RSH-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 2] |

       On January 23, 2026, petitioner Hung Cao Le Nguyen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. The Court issued a briefing schedule. ECF No. 3. On February 2, 2026, Respondents filed a return. ECF No. 5.

       Petitioner is a citizen of Vietnam. ECF No. 1 at 1. On March 22, 2001, Petitioner was ordered removed by an immigration judge. *Id.*; ECF No. 5 at 2; ECF No. 5-2 at 9 (order of removal). On two occasions thereafter, in July 2001 and April 2003, Petitioner was released from immigration custody pursuant to an order of supervision, in each instance because U.S. Immigration and Customs Enforcement ("ICE") was unable to effectuate Petitioner's removal to Vietnam. ECF No. 5 at 2. On August 19, 2025, ICE re-

arrested Petitioner in order to try again. ECF No. 5 at 2. Petitioner has been in immigration custody since that date, and is currently held at the Imperial Regional Detention Facility in Calexico, California. ECF No. 5-1 ¶¶ 1-3.

Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 2. This Court has jurisdiction to review such a claim on a petition for writ of habeas corpus. *Zadvydas* 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question.").

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Respondents state that for purposes of this analysis, Petitioner's duration of detention here "has exceeded the 6-month period of presumptive reasonableness," but contend that "Petitioner cannot meet his burden to establish there is no significant likelihood of removal in the reasonably foreseeable future." ECF No. 5 at 6-7. Respondents submit a declaration from Supervisory ICE Detention and Deportation Officer Concepcion Arredondo stating that: (1) since mid-February 2025, ICE has obtained travel documents for Vietnamese citizens who (like Petitioner) immigrated to the United States before July

1995; (2) in fiscal year 2025, ICE removed at least 699 Vietnamese citizens to Vietnam, of whom at least 324 had immigrated to the United States before 1995; (3) ICE routinely has removal flights to Vietnam, and has removed Vietnamese citizens to Vietnam as recently as December 2025; and (5) as to Petitioner, ICE has "worked diligently to effectuate his removal to Vietnam," and has made multiple internal requests to a component at ICE headquarters with the goal of obtaining travel documents for Petitioner, a necessary step to effectuate his removal. ECF No. 5-1 ¶¶ 15-24.

On the record presented here, the Court determines that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents have not rebutted that showing. ICE intends to remove Petitioner to Vietnam, but on two prior occasions was unsuccessful in achieving that same goal, each time eventually releasing Petitioner on an order of supervision. Petitioner was arrested months ago to attempt a third time to effectuate his removal; but to date, Respondents have failed to apply to Vietnam for travel documents for Petitioner, a necessary step for his removal. Respondents have not justified this failure. Although Officer Arredondo's declaration describes efforts to obtain travel documents—a request to an ICE headquarters component for those travel documents, followed by two follow-up inquires to that same component, followed by a resubmission of the original request, which has gone unanswered to date—all of those efforts are internal to ICE, and do not explain why the agency as a whole has not requested travel documents from Vietnam. In the meantime, Petitioner continues to wait in immigration custody since his rearrest in August. Whether the length of Petitioner's detention to date on this third occasion is a result of an ongoing lack of diligence on the part of one or more components of ICE in pursuing Petitioner's removal, or is instead the result of circumstances unknown to the Court that have caused ICE to choose to refrain from requesting travel documents from Vietnam, the result here in the same—there appears to the Court no significant likelihood of Petitioner's removal in the reasonably foreseeable future.

Accordingly, the Petition is **GRANTED**. Respondents are ordered to release

1 | petitioner Hung Cao Le Nguyen immediately from custody, subject to the terms of his most
2 | recent order of supervision or such other terms of supervision as may be appropriate. The
3 | Court declines to issue further injunctive relief at this time.

4 |     Petitioner's application for a temporary restraining order [ECF No. 2] is **DENIED**
5 | as moot.

6 |     The Court **VACATES** the hearing date set for February 12, 2026.

7 |     **IT IS SO ORDERED**.

8 | Dated: February 4, 2026

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge